IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ROBERT MALONEY,**

        Petitioner,

    v.                             **Civil Action No. 5:24-CV-62**
                                          Judge Bailey

**WARDEN LOVETT,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On March 29, 2024, the *pro se* petitioner, Robert Maloney ("petitioner"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner is a federal inmate housed at USP Hazelton in Bruceton Mills, West Virginia, and is alleging claims that the Bureau of Prisons ("BOP") staff at his institution is violating his civil rights. On April 8, 2024, petitioner paid the $5 filing fee. This matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed.

### II.    BACKGROUND

As set forth in the petition, petitioner alleges that USP Hazelton and Warden Lovett are violating his civil rights as set forth in two grounds. First, in Ground One, petitioner alleges that the respondent is violating his First Amendment right to access the courts by having staff at USP Hazelton open and copy legal work that he alleges is protected by attorney-client privilege and that he specifically has an appeal before the Eighth Circuit in

which he has effectively been rendered unable to participate. He alleges that staff members are opening mail and sending it back to the sender without notifying him and that staff are tampering with the mail he receives. He further alleges that he is not allowed access to the law library. In Ground Two, petitioner alleges that USP Hazelton and Warden Lovett are violating his Eighth Amendment right to be free from cruel and unusual punishment by ignoring his documented medical problems. Petitioner alleges he is being neglected and not provided the medical care he needs.

### III. <u>STANDARD OF REVIEW</u>

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See* **Erickson v. Pardus**, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure

to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

## IV.   ANALYSIS

A section 2241 petition is used to attack the way the sentence is executed. *See* 28 U.S.C. § 2241. In a § 2241 petition, a prisoner may seek relief from his parole, computation of his sentence or disciplinary actions taken against him involving the loss of good conduct time. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." *Glaus v. Anderson*, 408 F.3d 382, 286 (7th Cir. 2005). Also, worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or speedier release from active confinement." *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973). On the other hand, a *Bivens* action is used to hold federal officers "individually liable for constitutional violations." *Starr v. Baca*, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a *Bivens* action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law. *See Bivens*, 403 U.S. at 392–94. Further, a *Bivens* action is the federal analog to suits brought against state officials under § 1983. *Hartman v. Moore*, 547 U.S. 25, 254 n.2 (2006). *See Preiser*, 411 U.S. at 499 ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody.").

Here, petitioner complains about the conditions of his confinement, specifically asserting that Warden Lovett and USP Hazelton staff are violating his First Amendment right to access the courts by opening and copying legal work protected by attorney-client privilege and that USP Hazelton staff's interference with his mail has prevented him from participating in an ongoing appeal of his case in the Eighth Circuit.  Further, in petitioner's second claim, petitioner alleges that Warden Lovett is violating his Eighth Amendment right to be free from cruel and unusual punishment by neglecting his needs for medical care.  For relief, petitioner seeks a permanent injunction to receive "mental, medical care and dentures," for his case in the Eighth Circuit to be properly reviewed, and to be transferred to another facility.  [Doc. 1 at 10].  The petition does not contest the fact or duration of his confinement, and success on the merits would not result in an immediate or speedier release from his confinement with the BOP.[1]  Thus, the petitioner's claims should have been raised pursuant to a civil rights complaint. **Preiser** at 499–500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life).  See also **Lee v. Winston**, 717 F.2d 888 (4th Cir. 1983).  Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

---

[1] The undersigned acknowledges that the first page of the petition alludes to "incorrect classification points" and the "relief" section of his form includes "proper classification of custody points to 18 points."  However, petitioner does not include any details in the grounds of his petition, and his petition does not include any explanation as to any alleged error made in his custody classification which would affect the fact or duration of his confinement.

4

## V. <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED** without prejudice to the petitioner's right to file his claims in a civil rights action.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** April 11, 2024.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE