IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ROBERT MALONEY,**

        Petitioner,

v.                                        **CIVIL ACTION No. 5:24-CV-62**
                                                Judge Bailey

**WARDEN LOVETT,**

        Respondent.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 8]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on April 11, 2024, wherein he recommends that the petition be denied and dismissed without prejudice to petitioner's right to file his claims in a civil rights action. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1] This Court fully adopts and incorporates herein the "Background" section of the R&R. *See* [Doc. 8 at 1–2].

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objection to the Report and Recommendations [Doc. 10] on April 25, 2024. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

**A.     Report and Recommendations**

In the R&R, Magistrate Judge Mazzone found that because the "petition does not contest the fact or duration of his confinement, and success on the merits would not result in an immediate or speedier release from his confinement with the BOP", petitioner's claims should have been raised pursuant to a civil rights complaint. *See* [Doc. 8 at 4].

**B.     Objections**

In petitioner's first objection, he asserts that because USP Hazelton is extremely and notoriously understaffed, this limits the inmates access to the law library, unit team staff who are in charge of classification, administrative remedy process, and contact with lawyers and courts. *See* [Doc 10 at 1–2]. Petitioner argues these conditions make it "very, very difficult" for him to advocate for himself. . . ." [Id. at 2]. Petitioner states he is "attempting to challenge the validity of his conviction and believes his sentence, conviction, and confinement to be illegal" and "the way his sentence is being carried out is making it impossible for petitioner to address this. . . ." [Id.].

Petitioner's second objection states "[t]he conditions of this prison make it so [inmates] are not being granted [their] FSA credits and so this affects the amount of good conduct time petitioner could earn and is grounds for petitioner to be heard." [Id. at 3].

Petitioner then requests if he could be allowed to amend the grounds. *See* [id. at 3–4]. Petitioner asserts two (2) grounds: that 2241 is the correct remedy, and he requests that his "custody points be fixed" and he be "transferred to a prison where [his] needs can be met. . . ." *See* [id. at 5–6].

3

**C.     Analysis**

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See* **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Petitioner does not object with specificity to the R&R. Instead, petitioner discusses how USP Hazelton is always on lock down, how he is unable to access the law library, how he and his criminal defense attorney are at odds, and how a 2241 is the correct remedy.

This Court does not agree. In his petition, petitioner complains about the conditions of his confinement, specifically asserting that Warden Lovett and USP Hazelton staff are

4

violating his First Amendment right to access the courts by opening and copying legal work protected by attorney-client privilege and that USP Hazelton staff's interference with his mail has prevented him from participating in an ongoing appeal of his case in the Eighth Circuit. Further, in his second claim, petitioner alleges that Warden Lovett is violating his Eighth Amendment right to be free from cruel and unusual punishment by neglecting his needs for medical care.

Much of what petitioner complains about in he petitioner is re-stated in his objections/response. In his objections, petitioner again argues that because USP Hazelton is extremely and notoriously understaffed, this limits the inmates access to the law library and other resources inmates have when it comes to court proceedings.

As stated in the R&R, the petition and his objections do not contest the fact or duration of his confinement, and success on the merits would not result in an immediate or speedier release from his confinement with the BOP. Petitioner's claims in his petition and his attempt to assert new grounds in his objections should have been raised pursuant to a civil rights complaint. See **Preiser v. Rodriguez**, 411 U.S. 475, 499–500 (1973); (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life). See also **Lee v. Winston**, 717 F.2d 888 (4th Cir. 1983).

Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition will be denied and dismissed.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the

applicable law. Accordingly, the magistrate judge's report and recommendation **[Doc. 8]** is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's response/objections **[Doc. 10]** are **OVERRULED**. The Petition **[Doc. 1]** is **DENIED and DISMISSED WITHOUT PREJUDICE** to the petitioner's right to file his claims in a civil rights action. The pending Motion for Leave to Proceed *In Forma Pauperis* **[Doc. 2]** is **DENIED AS MOOT**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: April 26, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE